IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE MARBURY ELOHIM ALI BEY, | ) | Case No. 1:22-cv-554 |
| | ) | |
| Plaintiff, | ) | JUDGE J. PHILIP CALABRESE |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| OFFICER MCCANDLESS, *et al*., | ) | |
| | ) | |
| Defendants. | ) | **REPORT & RECOMMENDATION** |
| | ) | |

On March 7, 2022, *pro se* plaintiff Maurice Marbury Elohim Ali Bey ("Bey") filed a complaint in the Cuyahoga County Court of Common Pleas stemming from a January 2021 car accident.[1]  The defendants include two other drivers involved in the accident—Kellie Thomson and Juanda Delk.  On April 6, 2022, Bey's case was removed to this court. For the reasons that follow, the undersigned recommends the case against Delk be DISMISSED WITHOUT PREJUDICE.

As the undersigned explained in a January 5, 2023, order, Bey's attempt to serve Delk in state court was deficient. (Doc. No. 31) Thus, the Court ordered Bey to serve Delk with a copy of the Complaint no later than February 19, 2023. (Id.) The Court warned Bey that failure to serve Delk and provide proof of that service would result in the undersigned recommending dismissal without prejudice of the case against Delk. (Id.) Bey failed to comply with the Court's order.

---

[1] *See* Cuyahoga County Court of Common Pleas Case No. CV 22 960362 (https://cpdocket.cp.cuyahogacounty.us/).

Instead, on January 26, 2023, Bey filed a document titled "Objection to Order." (Doc. No. 32) However, despite its name, Bey's filing does not present any specific objections to the undersigned's January 5, 2023, order. *McCready v. Kamminga*, 113 F. App'x 47, 49 (6th Cir. 2004) (finding that failure to file specific objections to magistrate judge's findings is the "equivalent of failing to object entirely."; *Arroyo v. Comm'r of Soc. Sec.*, No. 14-cv-14358, 2016 WL 424939, at *3 (E.D. Mich. Feb. 4, 2016) (" '[B]are disagreement with the conclusions reached by the Magistrate Judge, without any effort to identify any specific errors in the Magistrate Judge's analysis that, if corrected, might warrant a different outcome, is tantamount to an outright failure to lodge objections to the R & R.' ") (*quoting Depweg v. Comm'r of Soc. Sec.*, No. 14-11705, 2015 WL 5014361, at *1 (E.D. Mich. Aug. 24, 2015) (*citing Howard v. Sec'y of Health & Human Serv.*, 932 F.2d 505, 509 (6th Cir. 1991)). Rather than lodging objections to the undersigned's order, Bey's "objection" raises generalized arguments common to adherents of the "sovereign citizen" or indigenous Moor movement.  (*E.g.,* Doc. No. 1-1 at 37; proclaiming Bey is a sovereign indigenous Moor). For example, Bey denies he is a party and asserts that the undersigned's prior order is "REJECT as an unsolicited contractual offer and Denied Consent as binding authority over the subject matter." (Doc. No. 32 at 2) As the Sixth Circuit has explained:

> The "sovereign citizen" movement is a highly disperse, antigovernment movement…In general, sovereign citizens believe that the United States Government, including the IRS, is a fraud and that "they, the sovereign citizens, retain an individual common law identity exempting them from the authority of those fraudulent government institutions." *See A Quick Guide to Sovereign Citizens,* Univ. of N.C. Sch. of Gov't (Mar.2013), http://www.sog.unc.edu/sites/www.sog.unc.edu/files/Sovereign% 20citizens% 20brief% 20guide% 20Mar% 2013.pdf (last visited Dec. 15, 2014).

*United States v. Gooch*, 595 F. App'x 524, 527 (6th Cir. 2014). Many Courts have found that arguments "premised on sovereign citizen theories may be dismissed without extended argument," *Payne v. Klida*, No. 15-CV-14127, 2016 WL 491847, at *4 (E.D. Mich. Jan. 6, 2016), *report and recommendation adopted*, No. 15-CV-14127, 2016 WL 465486 (E.D. Mich.

Feb. 8, 2016) (citing *United States v. Ward,* 182 F.3d 930, 1999 WL 369812, at *2 (9th Cir.1999) and *United States v. McQuarters,* No. 11–MC–51386, 2013 WL 6095514, at *2 (E.D.Mich. Nov. 20, 2013). The Sixth Circuit has described such claims to be "meritless rhetoric." *United States v. Coleman*, 871 F.3d 470, 476 (2017) (collecting cases rejecting complaints based on claims of sovereign citizenship). As Bey's response fails to lodge an objection to the undersigned's order and espouses meritless sovereign citizen theories, the undersigned finds Bey's objection should be disregarded.

Plaintiff "bears the burden of perfecting service of process and showing that proper service was made." *Sawyer v. Lexington–Fayette Urban County Government*, 18 Fed. App'x 285, 287 (6th Cir. 2001).  Fed. R. Civ. P. 4(m) provides that

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Court provided Bey the opportunity to effect and prove service on Delk in compliance with Rule 4.  It has been more than 350 days since the original complaint was filed and more than 300 days since the case was removed. Bey has failed to meet his burden and has not shown good cause for his failure to effect service.

This is not Bey's first time disregarding an order of the Court regarding service in this case. The Court previously ordered Bey to serve Defendant Thomson and Bey failed to do so. And, as warned, the undersigned recommended dismissal of the case against Thomson. (Doc. No. 29) Similarly, regarding Delk, Bey was warned that failure to comply with the court's order requiring him to effect and demonstrate service on Delk would result in the undersigned recommending dismissal of the case against Delk without prejudice.

As Bey has again failed to comply with a Court order to effect and prove service, and as Bey has not shown good cause for his failure to serve Delk, the undesigned recommends Bey's case against Delk be DIMISSED WITHOUT PREJUDICE.


Date:   February 28, 2023                          _s/ Jonathan Greenberg_
                                                   Jonathan D. Greenberg
                                                   United States Magistrate Judge


## OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530-531 (6th Cir. 2019).**