## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| MAURICE MARBURY ELOHIM ALI BEY, | ) | Case No. 1:22-cv-00554 |
| | ) | |
| | ) | Judge J. Philip Calabrese |
| Plaintiff, | ) | |
| | ) | Magistrate Judge |
| v. | ) | Jonathan D. Greenberg |
| | ) | |
| OFFICER MCCANDLESS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>OPINION AND ORDER</u>

Plaintiff Maurice Marbury Elohim Ali Bey, proceeding *pro se*, sued several individuals and entities following a car accident. (ECF No. 1-1.) He brings various claims, including conspiracy, defamation, discrimination, fraud, and violations of Titles 18 and 42 of the United States Code. (*See generally id.*)

Progressive Auto and one of its claim adjusters, Cary Pardee (for the sake of convenience, the Court refers to these two Defendants collectively as "Progressive Auto"), moved to dismiss Plaintiff's claims against them. (ECF No. 11.) The Magistrate Judge recommended that the Court grant that motion in part. (ECF No. 17.) Plaintiff and Progressive Auto objected. (ECF No. 19; ECF No. 20.)

Defendant Michael I. Shapero, the attorney for one of the people involved in the car accident, also moved for dismissal. (ECF No. 18; ECF No. 25.) The Magistrate Judge recommended that the Court grant his motion. (ECF No. 28.) Similarly, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims against

Defendants Kellie Thomson and Juanda Delk, the individuals involved in the car accident with Mr. Ali Bey. (ECF No. 29; ECF No. 33.)  Plaintiff did not object to those recommendations and, later, asked the Court to dismiss his claims against Defendant Officer McCandless, a Cleveland police officer who responded to the scene of the accident. (ECF No. 35.)

For the reasons that follow, the Court **GRANTS** Plaintiff's motion to dismiss Officer McCandless (*id.*) and **ADOPTS** the Magistrate Judge's reports and recommendations to which Plaintiff did not object (ECF No. 28; ECF No. 29; ECF No. 33).  As for the Report and Recommendation to which Plaintiff and Progressive Auto object (ECF No. 17), the Court **OVERRULES** Plaintiff's objections and **SUSTAINS** those raised by Defendants.  Further, the Court **DISMISSES** Plaintiff's claims against Progressive Auto and Mr. Shapero **WITH PREJUDICE**, and those against Officer McCandless, Ms. Thomson, and Ms. Delk **WITHOUT PREJUDICE**.

## STATEMENT OF FACTS

The Magistrate Judge outlined the relevant facts and procedural history in his Reports and Recommendations. (*See id.*, PageID #287–88 & #288–89; ECF No. 28, PageID #353–54; ECF No. 29, PageID #360–61; ECF No. 33, PageID #371–72.)

On January 24, 2021, a car accident involving three drivers occurred on Martin Luther King Jr. Boulevard in Cleveland, Ohio. (*See* ECF No. 1-1, PageID #12 & #15.) Mr. Ali Bey and Ms. Thomson were driving in opposite directions. (*Id.*, PageID #12.) After swerving in and out of her lane several times, Ms. Thomson collided with Mr. Ali Bey head-on. (*Id.*)  Mr. Ali Bey suffered physical injuries, and his car was

2

totaled. (*Id.*, PageID #12–13 & #22.) Without enough time to stop, Ms. Delk, driving behind Ms. Thomson, collided with her. (*Id.*, PageID #15–16.) Ms. Thomson accused Mr. Ali Bey of swerving into her lane and driving drunk. (*Id.*, PageID #14.) Mr. Ali Bey maintained that Ms. Thomson was responsible for the accident and unfamiliar with the area. (*Id.*, PageID #12.)

Soon, help arrived. (*Id.*, PageID #16.) Among others, Officer McCandless from the Cleveland police appeared on the scene. (*Id.*, PageID #16–17.) He moved Ms. Thomson's car and took her statement about what happened. (*Id.*, PageID #17.) Meanwhile, Mr. Ali Bey's car remained in the middle of the road until the tow truck that Officer McCandless called arrived. (*Id.*, PageID #18.) Without taking Mr. Ali Bey's statement, Officer McCandless issued him a citation. (*Id.*, PageID #17–18.) On February 27, 2021, Mr. Ali Bey sent Progressive Auto, Ms. Thomson's insurer, an email explaining the details of the accident. (*Id.*, PageID #19–20 & #43–44.)

Litigation followed. First, the City of Cleveland charged Mr. Ali Bey with failure to control his vehicle, a minor misdemeanor. (*Id.*, PageID #42.) He was found not guilty. (*Id.*) Second, Ms. Thomson sued Mr. Ali Bey in State court for her medical expenses. (*See id.*, PageID #14 & #20–21.) Mr. Shapero is listed as one of Ms. Thomson's attorneys. (*Id.*, PageID #20–21.) Mr. Ali Bey claims that Mr. Shapero and Progressive Auto refuse to settle and "continue to fight a case that their client has proven to be wrong." (*Id.*, PageID #19–20; *see also id.*, PageID #20–21.)

3

## STATEMENT OF THE CASE

On March 7, 2022, Plaintiff filed this action in State court against seven defendants. (*Id.*, PageID #4.) Officer McCandless timely removed the case to federal court. (ECF No. 1.) Before removing, Mr. Ali Bey's claims against one defendant— Medical Mutual of Ohio—were dismissed. (ECF No. 10, ¶ 1, at 1.) That left Ms. Thomson, Ms. Delk, Officer McCandless, Progressive Auto (and Cary Pardee), and Mr. Shapero as defendants. Against them, Mr. Ali Bey alleges different combinations of the following claims: conspiracy to commit fraud, defamation, failure to control, fraud, perjury, race discrimination, tampering with evidence, and violations of Titles 18 and 42. (ECF No. 1-1, PageID #12–21.)

On July 6, 2022, citing 28 U.S.C. § 636(b)(1)(A), Rule 72(a), and Local Rule 72.1, the Court referred all pretrial matters to the Magistrate Judge. Consistent with that referral, from September 2022 to February 2023, the Magistrate Judge issued four Reports and Recommendations. (ECF No. 17; ECF No. 28; ECF No. 29; ECF No. 33.)

### A.    September 7, 2022 Report and Recommendation

On July 12, 2022, Progressive Auto moved to dismiss Plaintiff's claims against it and its adjuster for failure to state a claim. (ECF No. 11.) Plaintiff did not oppose. (ECF No. 17, PageID #288.) Two months later, the Magistrate Judge issued a Report and Recommendation that the Court grant the motion with respect to Plaintiff's State law and Title 18 claims but deny it as to his claims under Title 42. (ECF No. 17, PageID #288–93.) Plaintiff and Progressive Auto timely objected. (ECF No. 19; ECF No. 20.)

4

### B.  November 30, 2022 Reports and Recommendations

The Magistrate Judge issued two more reports and recommendations on November 30, 2022.

#### B.1.  Claims Against Mr. Shapero

The first addresses Plaintiff's claims against Mr. Shapero.  In three paragraphs, Plaintiff's complaint alleges that Mr. Shapero conspired to commit fraud, committed fraud, and violated provisions of Title 18.  (ECF No. 1-1, PageID #20–21.)  On July 19, 2022, Mr. Shapero moved for a more definite statement.  (ECF No. 12.)  Mr. Ali Bey did not oppose the motion.  (ECF No. 13, at 2.)  The Magistrate Judge granted that motion, ordered Mr. Ali Bey to cure the deficiency within 14 days, and warned that, if he did not, the Court "may strike his pleading 'or issue any other appropriate order.'"  (*Id.*, at 3.)  Seven days later, Plaintiff filed a response to the Magistrate Judge's order that did not address the claims against Mr. Shapero.  (*See* ECF No. 16.)

When Plaintiff failed to comply with the Magistrate Judge's order, Mr. Shapero moved to strike Mr. Ali Bey's allegations against him and for dismissal.  (ECF No. 18.)  The Magistrate Judge ordered Mr. Ali Bey to respond to Mr. Shapero's motion or amend his complaint to provide clarity by October 20, 2022.  (ECF No. 22.)  Plaintiff filed an 11-page "definite statement."  (ECF No. 24.)  Though it mentioned Mr. Shapero, it essentially restated Plaintiff's earlier allegations.  (*See generally id.*)  On October 31, 2022, Mr. Shapero filed another motion to strike and dismiss.  (ECF No. 25.)  Over Plaintiff's opposition (ECF No. 26), the Magistrate Judge denied Mr. Shapero's earlier motion as moot and recommended that the Court grant his

second motion under Rules 8(a), 9(b), 12(e), and 41(b).  (ECF No. 28, PageID #355–59.)

### B.2.    Claims Against Ms. Thompson

The second report and recommendation issued on November 30, 2022 involves Ms. Thomson.    After determining that Mr. Ali Bey failed to perfect service on Ms. Thomson, the Magistrate Judge ordered Plaintiff to provide proof of service by August 19, 2022.  (ECF No. 10, ¶ 3, at 2.)  Plaintiff failed to do so.  (*See* ECF No. 14.) One week later, the Magistrate Judge ordered Mr. Ali Bey to show cause why the Court should not dismiss his claims against Ms. Thomson for failure to prosecute by September 6, 2022.  (*Id.*)  On September 2, 2022, Plaintiff filed a response.  (ECF No. 15.)  However, he did not demonstrate effective service.  (ECF No. 15-1.)

The Magistrate Judge provided Mr. Ali Bey one more opportunity to perfect service by October 14, 2022.  (ECF No. 21.)  In that order, the Magistrate Judge explained Mr. Ali Bey's options to demonstrate service and warned that if Plaintiff failed to comply, he would recommend dismissal.  (*Id.*, at 2–4.)  Again, Plaintiff's response failed to demonstrate service.  (ECF No. 23.)  Accordingly, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims against Ms. Thomson. (ECF No. 29, PageID #362.)

On December 27, 2022, Plaintiff moved for an extension of time to respond to the Magistrate Judge's Reports and Recommendations dated November 30, 2022, which the Court granted.  (ECF No. 30.)  Ultimately, Plaintiff did not file an objection or any other response.

**C.      February 28, 2023 Report and Recommendation**

Although it initially appeared that Ms. Delk received service of process, the Magistrate Judge's review of the record clarified that service was deficient.  (ECF No. 31, at 1–3.)  Therefore, on January 5, 2023, the Magistrate Judge ordered Mr. Ali Bey to serve Ms. Delk with a copy of the complaint by February 19, 2023.  (ECF No. 31.)  Further, the order warned that if Mr. Ali Bey did not demonstrate service by that date, the Magistrate Judge would recommend dismissal.  (*Id.*, at 3.)  Plaintiff filed an "objection," but its substance did not address the failure to serve Ms. Delk.  (*See* ECF No. 32.)  On February 28, 2023, the Magistrate Judge recommended that the Court dismiss Plaintiff's claims against Ms. Delk.  (ECF No. 33.)  Plaintiff did not object to that recommendation.

**D.      Plaintiff's Motion to Dismiss**

Finally, Plaintiff filed a motion to dismiss his claims against Officer McCandless.  (ECF No. 35.)  After reviewing body cam footage from the accident, Plaintiff realized that there was "no racial discrimination" and that Officer McCandless did not perform "any form of tampering with evidence nor committed any form of fraud."  (*Id.*, PageID #377.)  In a separate filing, Officer McCandless joined Plaintiff's motion and stipulated to dismissal of Plaintiff's claims against him.  (ECF No. 36.)

**ANALYSIS**

There are five filings before the Court—one motion to dismiss and four Reports and Recommendations.  (ECF No. 17; ECF No. 28; ECF No. 29; ECF No. 33; ECF No. 35.)  Plaintiff and Progressive Auto objected to only one of the four reports and

recommendations. The Court analyzes each of these filings under the different standards governing each.

## I.     Plaintiff's Motion to Dismiss

Plaintiff moves to dismiss his claims against Officer McCandless. (ECF No. 35.) Officer McCandless joined Plaintiff's motion and stipulated to dismissal. (ECF No. 36.) Plaintiff's motion does not specify the ground on which it relies for dismissal. (*See* ECF No. 35.) Fair enough. Mr. Ali Bey proceeds *pro se*. Officer McCandless suggests that Plaintiff moves under Rule 41. (*See* ECF No. 36, at 1.) But Sixth Circuit precedent holds that Rule 41 can only be used to dismiss entire *actions*, not fewer than all parties or all claims, as here. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961). "A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21." *Sheet Metal Workers' Nat'l Pension Fund Bd. of Trustees v. Courtad, Inc.*, No. 5:12-cv-7238, 2013 WL 3893556, at *4 (N.D. Ohio July 26, 2013) (citing *Taylor*, 286 F.2d at 785). Accordingly, the Court construes Plaintiff's motion as one under Rule 21.

Rule 21 provides, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." Fed. R. Civ. P. 21. Unless the parties state otherwise, dropping a party under Rule 21 means that party is dropped without prejudice. *See Michaels Bldg. Co. v. Ameritrust Co. N.A.*, 848 F.2d 674, 682 (6th Cir. 1988).

Typically, the remaining parties should have an opportunity to respond before the Court rules on a motion under Rule 21. After all, "dropping less than the entirety of an action . . . risks prejudice to the other parties." *United States ex. rel. Doe v.*

*Preferred Care, Inc.*, 326 F.R.D. 462, 465 (E.D. Ky. 2018) (quoting *EQT Gathering, LLC, v. A Tract of Prop. Situated in Knott Cnty.*, No. 12-58-ART, 2012 WL 3644968, at *3 (E.D. Ky. Aug. 24, 2012)).

Nevertheless, on the record presented—where Officer McCandless' involvement in the accident is wholly separate from that of the other Defendants—the Court finds it difficult to see how a decision not to prosecute Plaintiff's claims against Officer McCandless would prejudice the remaining Defendants. Therefore, the Court **GRANTS** Plaintiff and Officer McCandless' joint motion and **DISMISSES** Plaintiff's claims against Officer McCandless. Because the moving parties did not request otherwise, that dismissal is **WITHOUT PREJUDICE.**

## II.    Unobjected to Reports and Recommendations

Plaintiff did not object to the Magistrate Judge's Reports and Recommendations issued on November 30, 2022 and February 28, 2023. The Court even provided Plaintiff an extension to object to the former. (ECF No. 30.) In those Reports and Recommendations, the Magistrate Judge recommended that the Court grant Mr. Shapero's motion to strike and dismiss and that the Courtdismiss Plaintiff's claims against Ms. Thomson and Ms. Delk. (ECF No. 28; ECF No. 29; ECF No. 33.) Regarding Mr. Shapero, the Magistrate Judge found that Mr. Ali Bey's pleading should be dismissed under Rules 8(a), 9(b), 12(e), and 41(b). (ECF No. 28, PageID #355–59.) As for Mr. Ali Bey's claims against Ms. Thomson and Ms. Delk, the Magistrate Judge found that Mr. Ali Bey failed to comply with an order to effectuate and prove service. (ECF No. 29, PageID #361–62; ECF No. 33, PageID #374.)

The Reports and Recommendations advised the parties that a failure to object within 14 days may result in a waiver of rights on appeal, which includes the right to review before the Court. (*See* ECF No. 28, PageID #359; ECF No. 29, PageID #362; ECF No. 33, PageID #374.) Under the law of this Circuit, "failure to object to a magistrate judge's Report and Recommendation results in a *waiver* of appeal on that issue as long as the magistrate judge informs parties of that potential waiver." *United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019) (emphasis added); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed").

The Sixth Circuit has clarified this rule: failure to object is not a waiver, but a forfeiture. *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here."). This is so because "[w]aiver is different than forfeiture." *United States v. Olando*, 507 U.S. 725, 733 (1993); *Freytag v. Commissioner*, 501 U.S. 868, 894 n.2 (1991) (Scalia, J., concurring) (noting the Supreme Court's cases "often used [waiver and forfeiture] interchangeably," but that "[t]he two are really not the same"). This difference matters because forfeited issues may sometimes be considered on appeal. *Berkshire*, 928 F.3d at 530 (citing *Harris v. Klare*, 902 F.3d 630, 635–36 (6th Cir. 2018)).

In any event, the time for filing objections to the Magistrate Judge's Reports and Recommendations has passed.  Plaintiff neither objected nor provided a legitimate reason for failing to do so.  Further, upon the Court's independent review of the record, there does not appear to be clear error in those Reports and Recommendations.  Therefore, the Court **ADOPTS** the Magistrate Judge's Reports and Recommendations dated November 30, 2022 and February 28, 2023 (ECF No. 28; ECF No. 29; ECF No. 33) and **DISMISSES** Plaintiff's claims against Mr. Shapero **WITH PREJUDICE** and those against Ms. Thomson and Ms. Delk **WITHOUT PREJUDICE**.

## III.   Objected to Report and Recommendation

Plaintiff and Progressive Auto timely objected to the Magistrate Judge's Report and Recommendation issued on September 7, 2022.  (ECF No. 19; ECF No. 20.)  When reviewing a report and recommendation, if a party objects within the allotted time, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b).  "Objections must be specific, not general" and should direct the Court's attention to a particular dispute.  *Howard v. Secretary of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute."  *Thomas*, 474 U.S. at 147.

On review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C

§ 636(b)(1)(C).  Significantly, the Court's job is not to conduct a free-wheeling examination of the entire report and recommendation, but only to address any specific objections that a party has advanced to some identified portion.  Accordingly, it is the Court's task to review the Magistrate Judge's reports and recommendations de novo, based on the specific objections each party raises, but only those objections.

The Magistrate Judge's September 7, 2022 Report and Recommendation made three recommendations.  (*See generally* ECF No. 17.)  First, it recommended that the Court dismiss Plaintiff's State-law claims against Progressive Auto because Plaintiff did not yet obtain a judgment against Ms. Thomson.  (*Id.*, PageID #288–90.)  Second, it recommended that the Court dismiss Plaintiff's claims under 18 U.S.C. §§ 241, 242, and 1621.  (*Id.*, PageID #290–91.)  The Magistrate Judge determined those criminal statutes did not create private rights of action.  (*Id.*)  Finally, the Report and Recommendation recommended that Plaintiff's claim under 42 U.S.C. § 1986 *not* be dismissed.  (*Id.*, PageID #291–93.)  The Magistrate Judge determined that Plaintiff's claim under that statute was not time-barred and sufficiently alleged a violation of Section 1985—a prerequisite for his claim under Section 1986.  (*Id.*, PageID #291–93.)

### III.A.  Defendants' Objection

Progressive Auto objects to the Magistrate Judge's third recommendation only as it pertains to whether Plaintiff sufficiently stated a claim under Section 1986. (ECF No. 19, PageID #298–300.)  Defendants argue that the Magistrate Judge "has gone further than merely presuming the factual allegations plead are true . . . ."  (*Id.*, PageID #298.)  Instead, he accepted vague, conclusory claims and a recitation of the elements.  (*See id.*, PageID #298 & #300.)  Progressive Auto contends that Plaintiff's

12

complaint, properly read, does not "nudge his claims 'across the line from conceivable to plausible.'"  (*Id.*, PageID #300.)

Generally, *pro se* pleadings are liberally construed and held to less stringent standards than those drafted by lawyers.  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011).  Nonetheless, even a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face to survive dismissal.  *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the pleading standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), applies to review of *pro se* prisoner cases under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.  Although the plausibility standard is not equivalent to a "'probability requirement,'. . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (quoting *Twombly*, 550 U.S. at 556).

To state a claim under 42 U.S.C. § 1986, a plaintiff must show that a defendant, having knowledge of a conspiracy violating Section 1985, failed to prevent a violation or aided its commission.  42 U.S.C. § 1986; *see also Castle v. Central Benefits Mut. Ins. Co.*, 940 F.2d 659, at *6 (6th Cir. 1991).  In turn, Section 1985 requires a plaintiff to prove (1) the existence of a conspiracy; (2) motivated by class-based animus; (3) aimed at depriving a person of equal protection of the laws; and (4) an act in furtherance of the conspiracy (5) that causes injury to a person or property or

deprivation of a right or privilege of that person.  *Johnson v. Hills & Dales Gen. Hosp.*, 40 F.3d 837, 839 (6th Cir. 1994); *see also Roe v. Franklin Cnty.*, 109 Ohio App. 3d 772, 673 N.E.2d 172, 178 (1996).

In this case, the Magistrate Judge concluded that Plaintiff's complaint, liberally construed, stated a claim for a violation of Section 1986.  (ECF No. 17, PageID #292–93.)  Although Plaintiff did not cite Section 1985, the Magistrate Judge determined that he alleged that Ms. Thomson and Ms. Delk conspired to interfere with his right and privilege to travel.  (*Id.*, PageID #292.)  Further, they were motivated by a discriminatory animus.  (*Id.*)  Progressive Auto allegedly furthered that conspiracy by refusing to settle and continuing to challenge Mr. Ali Bey's claims. (*Id.*)  Combined, the Magistrate Judge found that these allegations satisfied Sections 1985 and 1986.  (*Id.*, PageID #292–93.)

After review of Plaintiff's complaint, the Court reads it differently.  *First*, the Court finds that Plaintiff's complaint does not connect its allegations to Plaintiff's claim under Section 1986.  Liberal construction of *pro se* pleadings does not require a court to "guess at the nature of the claim asserted," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), or to "create a claim" for a *pro se* plaintiff that he "has not spelled out in his pleading," *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011).  But Plaintiff's complaint, regarding the second and fifth elements of a Section 1985 claim, requires the Court to do that.  Regarding the former, while Plaintiff alleges that other Defendants possessed a discriminatory motive, he does not specify whether such animus supplies the basis for his claim under Section 1986.  (ECF No. 1-1, PageID

14

#16–19.)  Further, Plaintiff fails to delineate what right or privilege Progressive Auto helped deprive him of.  (*Id.*)  At most, Plaintiff cites several legal authorities discussing the right to travel.  (*Id.*, PageID #7–9.)  However, it is not clear whether that is the right or privilege Defendants allegedly interfered with for purposes of Section 1985.  (*See id.*)  Those citations appear in a different section than Plaintiff's claims against Progressive Auto, Ms. Thomson, and Ms. Delk.  (*Compare id.*, PageID #7–9, *with id.*, PageID #12–16 & #19–20.)

*Second*, even if this *pro se* pleading states a claim for interference with the right to travel, its conclusory allegations do not contain allegations that meet the Rule 8 pleading standard showing that Progressive Auto, knowing of that conspiracy, failed to prevent it or aided its commission.

Plaintiff's complaint alleges that "Agent Cary Pardee and Progressive Auto pursue and continue to fight a case that their client has proven to be wrong."  (*Id.*, PageID #19–20 (cleaned up).)  As Plaintiff's complaint recognizes, however these Defendants have an incentivize to limit their number of payouts.  (*Id.*)  Therefore, the more likely explanation is *that* incentive—and not a desire to further the other Defendants' alleged conspiracy—explains Progressive Auto's refusal to settle.  At best, that explanation and an unlawful motive stand in equipoise and, as in *Twombly* itself, 550 U.S. at 557, no other allegations tip the balance to make a showing that Plaintiff's theory is plausible.  Indeed, Plaintiff makes the conclusory assertion that "when a case [of an insured being liable] is as blatant as this," a violation of the law must be responsible does not alter that conclusion.  (*See id.*)  On this record, the Court

15

finds that the complaint fails to make a showing under Rule 8 that Progressive Auto acted in furtherance of a conspiracy. *See Twombly*, 550 U.S. at 557.

Accordingly, the Court finds that Plaintiff has not alleged sufficient facts to support his claim under 42 U.S.C. § 1986 against Progressive Auto and its adjuster. As a result, the Court **SUSTAINS** Defendant's objection to the Magistrate Judge's recommendation as to Plaintiff's Section 1986 claims and **DISMISSES** that claim **WITH PREJUDICE**.

### III.B. Plaintiff's Objections

Plaintiff asserts four objections to the Magistrate Judge's Report and Recommendation issued on September 7, 2022. (ECF No. 20.)  One applies broadly to the entire recommendation. (*See generally id.*)  The others correspond to different claims against Progressive Auto. (*See id.*, PageID #304–06.)

### III.B.1. General Objection

Much of Plaintiff's filing accuses the Magistrate Judge of exceeding his authority and acting with improper bias. (*See generally id.*)  Indeed, Plaintiff demands that the Magistrate Judge recuse himself and warns that he is now a part of the Defendants' alleged conspiracy. (*Id.*, PageID #302 & #306 ("I now put you MAGISTRATE JONATHAN D. GREENBERG on NOTICE that those committing the crimes mentioned . . . have found another accomplice in you.").)  But Plaintiff provides no specific basis or factual support for these serious allegations. And the record supplies none. Plaintiff is simply unhappy with the Magistrate Judge's Report and Recommendation. (*See id.*, PageID #303.)  But that is no basis for disqualification under 28 U.S.C. § 455. Nor does it satisfy the legal requirements for objections.

16

*Howard*, 932 F.2d at 509.  Therefore, the Court finds this objection forfeited and declines to consider it further.

### III.B.2. Title 18 Claims

Next, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his claims under Title 18 because none of the statutes cited creates a private right of action.  (ECF No. 20, PageID #304.)  He contends "that very law" contemplates "liab[ility] to the party injured . . . for all damages caused."  (*Id.*)  It even specifies that "such damages may be recovered in an action on the case."  (*Id.*)  But Plaintiff quotes 42 U.S.C. § 1986—not Title 18.  As the Magistrate Judge observed, 18 U.S.C. §§ 241, 242, and 1621 do not grant private citizens "authority to initiate a federal criminal prosecution," nor do they create private rights of action in civil cases.  *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308–09 (6th Cir. 2004) (addressing 18 U.S.C. §§ 241 and 242); *Gifford v. Zuckerberg*, No. 20-cv-11535, 2020 WL 5531529, at *1 (E.D. Mich. Sept. 15, 2020) (addressing 18 U.S.C. § 1621).  Therefore, Plaintiff's Title 18 claims under those statutes cannot withstand a motion to dismiss.  Accordingly, the Court **ADOPTS** the Magistrate Judge's recommendation to dismiss Plaintiff's claims under 18 U.S.C. §§ 241, 242, and 1621 against Progressive Auto and its adjuster.

### III.B.3. Title 42 Claims

Additionally, Plaintiff objects to the Magistrate Judge's determination regarding the statute of limitations as it concerns his claim under 42 U.S.C. § 1986.  (ECF No. 20, PageID #304–05.)  According to Plaintiff, the statute of limitations could not have expired because he answered all of Defendants' motions and correspondence.

(*Id.*, PageID #304.)  Factually, that is not true.  Among other occasions, Plaintiff did not file a response to Progressive Auto's motion to dismiss.  In any event, that is not how statutes of limitation work.  The Magistrate Judge did not consider whether Plaintiff responded to Defendants' motion in analyzing the statute of limitations.  (*See* ECF No. 17, PageID #293.)  Instead, the Report and Recommendation noted that Plaintiff did not respond to Progressive Auto's motion when outlining the case's procedural posture.  (*See id.*, PageID #287–88.)  In any event, Plaintiff misreads the Magistrate Judge's Report and Recommendation, which found that his claim was *not* time-barred—a ruling in Plaintiff's favor.  (*Id.*, PageID #293.)  For these reasons, the Court **OVERRUELS** Plaintiff's objection and **ADOPTS** the Magistrate Judge's analysis regarding the statute of limitations.

### III.B.4. State-Law Claim

Finally, Plaintiff objects to the Magistrate Judge's recommendation to dismiss his State-law claims against Progressive Auto.  (ECF No. 20, PageID #306.)  Without citing case law or providing further explanation, Plaintiff states that Progressive Auto's argument that he cannot sue them until he obtains a judgment against Ms. Thomson is "[a] lie."  (*Id.*)  As an initial matter, the Court doubts that this assertion, whose tone is inappropriate in a federal court, suffices as a proper objection.  *See Cole v. Yukins*, 7 Fed. App'x. 354, 356 (6th Cir. 2001) (holding that filing a vague, general, or conclusory objection is equivalent to a failure to object).

On the merits, the Court discerns no error in the Magistrate Judge's recommendation.  Although styled a claim for "fraud" and "conspiracy to commit fraud," Plaintiff's State-law claim against these Defendants amounts to one for

failure to compensate him for his injuries. (*See* ECF No 1-1, PageID #19–20.) Plaintiff asserts that these Defendants know "what actually happened in the accident . . . [but] still decid[e] to fight the case," as opposed to settling. (*Id.*, PageID #20.) For personal injury claims, Ohio law requires an injured party to obtain a judgment against the alleged tortfeasor before suing an insurance company. Ohio Rev. Code § 3929.06(B); *see also Chitlik v. Allstate Ins. Co.*, 34 Ohio App. 2d 193, 197, 299 N.E.2d 295, 298 (1973); *D.H. Overmyer Telecasting Co. v. American Home Assur. Co.*, 29 Ohio App. 3d 31, 34, 502 N.E.2d 694, 698 (1986). In this case, the record lacks evidence that Plaintiff obtained a judgment against Ms. Thomson for his alleged injuries. Accordingly, Plaintiff cannot maintain his State-law claims against Progressive Auto and its agent, Cary Pardee. Therefore, the Court **ADOPTS** the Magistrate Judge's recommendation to dismiss Plaintiff's State-law claims.

\*   \*   \*

In sum, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 17) in part, **GRANTS** the motion to dismiss of Progressive Auto and its adjuster (ECF No. 11) and **DISMISSES** Plaintiff's claims against them **WITH PREJUDICE**.

### CONCLUSION

For these reasons, the Court **GRANTS** Plaintiff's motion to dismiss (ECF No. 35); **ADOPTS** the Reports and Recommendations to which Plaintiff did not object (ECF No. 28; ECF No. 29; ECF No. 33); **OVERRULES** Plaintiff's objections and **SUSTAINS** those raised by Progressive Auto and Cary Pardee to the Magistrate Judge's September 7, 2022 Report and Recommendation; and **DISMISSES** Plaintiff's

19

claims against Defendants Progressive Auto and Mr. Shapero **WITH PREJUDICE**, and those against Officer McCandless, Ms. Thomson, and Ms. Delk **WITHOUT PREJUDICE**.

      **SO ORDERED.**

Dated:  March 30, 2023

                                                   _____
                                                       J. Philip Calabrese
                                                   United States District Judge
                                                 Northern District of Ohio